United States District Court
Northern District of California

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

LARRY ROBERSON,

    Defendant.

Case No.: CR 12-70394 MAG

DETENTION ORDER

## I. BACKGROUND INFORMATION

Defendant Larry Roberson is charged by complaint with a violation of 18 U.S.C. § 922(g) (felon in possession of a firearm).  On May 31, 2012, the United States moved for Defendant's detention pursuant to the Bail Reform Act, and asked for a hearing as permitted by 18 U.S.C. § 3142(f).  Pretrial Services prepared a full bail study, which recommended Defendant's detention.  The hearing set for June 5, 2012, on which date the court conducted a detention hearing.  Assistant United States Attorney Aaron Wegner appeared on behalf of the Government.  Defendant was present and in custody, and represented by counsel John Paul Reichmuth.  For the reasons stated below, the court orders that Defendant be detained.

## II. LEGAL ANALYSIS

The Bail Reform Act requires that in a pretrial posture, the government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated through the imposition of conditions of release.  If the government does not meet its burden, the court's duty is to fashion appropriate conditions that permit the defendant to remain out of custody during the preparation of his or her defense, while safeguarding against flight or danger to the community.  Close cases should result in release: "[t]o give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to

rule against detention in close cases." *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (Walker, J.) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

       A person facing trial generally shall be released if some "condition, or combination of conditions . . . [can] reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c). In non-capital cases, pretrial release should be denied "[o]nly in rare circumstances." *Motamedi,* 767 F.2d at 1405; *see also United States v. Salerno*, 481 U.S. 739, 755 (1987) (upholding constitutionality of Bail Reform Act; "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception"). Bail hearings generally proceed by proffer, and the rules of evidence do not apply. 18 U.S.C. § 3142(f). At the hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person. *Id.* The Bail Reform Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *Motamedi*, 767 F.2d at 1405.

       In evaluating whether pretrial release is appropriate, a court must consider (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407.

       The complaint charges that on March 8, 2012, Defendant was in possession of two firearms despite his status as a convicted felon. Defendant was initially subjected to a parole search of his persons and vehicle, and methamphetamines were found on a female occupant. Defendant and the female occupant were both arrested. Defendant was then subjected to a parole compliance check of his residence in Richmond, California, where two firearms were recovered.

DETENTION ORDER
CR 12-70394 MAG                                    2

Defendant is 43 years old and currently resides with significant other in Richmond, California. He has an 8th grade education, and has been unemployed since he was paroled in 2009. He has no other employment history.

Defendant has an extensive criminal record dating back to 1983, for offenses ranging from burglary and vehicle theft to drug offenses. These convictions have resulted in his intermittent incarceration for most of his adult life. In addition, Defendant has admitted to having mental health and substance abuse problems. He is currently on parole, and has had four violations since his release on July 14, 2009, three of which were for drug possession or drug use. The two violations for methamphetamine use resulted in Defendant's referral to Narcotics Anonymous for drug treatment. It should be noted, that Defendant was initially arrested in this instant matter for possession of methamphetamines for sale. As the Government noted at the hearing, Defendant has twelve (12) felony convictions.

Further, the nature and the circumstances of the charged offense is a felon in possession of a firearm. The current case involves guns and drugs. In addition, while the weight of the evidence is the least important factor when determining whether pretrial detention is appropriate, it weighs against Defendant in this case.

In light of Defendant's substantial criminal record and his propensity to repeatedly violate his parole, the nature and circumstance of the offense, and the weight of the evidence in the current matter, the Court finds clear and convincing evidence that Defendant presents a danger to the community, and that no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure the safety of any other person or the community. 18 U.S.C. § 3142(e) and (f); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

///
///
///
///
///
///

      For the reasons set forth above, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

      IT IS SO ORDERED.

DATED: June 6, 2012

KANDIS A. WESTMORE
United States Magistrate Judge

DETENTION ORDER
CR 12-70394 MAG            4